UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,        Criminal Case No. 16-20014
                 Honorable Linda V. Parker
v.

TAQUANE M. JONES

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REVEAL IDENTITY OF CONFIDENTIAL INFORMANT [ECF NO. 23]**

  This matter comes before the Court on Defendant Taquane M. Jones' ("Defendant") motion to reveal identity of confidential informant. (ECF No. 23.) A hearing on this motion was held on May 18, 2016. For reasons set forth below, the Court will **DENY** Defendant's motion.

        **I.**  **Background**

  On November 19, 2015, the police conducted a search of a residence located at 606 Green Street in Flint, Michigan. Defendant was the only individual present at the residence at the execution of the search warrant. (Pl.'s Resp. Br., ECF No. 27 at Pg. ID 95.) During the search of the residence, officers discovered – among other items – the following: (1) a firearm; (2) quantities of controlled substances, consistent with distribution – including heroin and cocaine base; and (3) an EBT

1

card belonging to Defendant. (Incident Report, ECF No. 27-2 at Pg. ID 122.) Consequently, Defendant was arrested and charged with: (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a). (Indictment, ECF No. 9 at Pg. ID 18–19.)

The search of the residence was conducted pursuant to a search warrant obtained on November 18, 2015. (Search Warrant, ECF No. 23-2 at Pg. ID 86.) Officer Andrew J. Babcock was the affiant for the warrant. (Search Warrant Application, ECF No. 23-3 at Pg. ID 88.) In the application for the warrant, Officer Babcock detailed a controlled purchase of cocaine that the informant made inside of the residence. (*Id.* at Pg. ID 89.)

## II.  Relevant Case Law

With respect to disclosure of a confidential informant's identity, the Sixth Circuit holds the following:

> The question of disclosure generally has been left in the first instance to the discretion of the trial court. *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir.1985). In analyzing this issue, courts have traditionally utilized in-camera interviews in order to assess the relevance and possible helpfulness of the informant's identity to the defense. *Id.* This has long been the accepted practice in this circuit. *See United States v. Lloyd*, 400 F.2d 414, 417 (6th Cir.1968).

*United States v. Wilbert*, 205 F.3d 1343 at *3 (6th Cir. 2000).

Further, "[i]n *Rivario v. United States*, 353 U.S. 53 (1957), the Supreme Court recognized the government's privilege to withhold from disclosure the identity of persons who furnish information of criminal activities to law enforcement officials." *Wilbert*, 205 F.3d 1343 at *2. However, "[w]here the disclosure of an informer's identity or of the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Rivario*, 353 U.S. at 60–61.

### III.  Analysis

Defendant asserts that the identity of the informant should be revealed because Plaintiff is a material witness, and because it is Defendant's contention that he never sold any controlled substances to the informant. (Def.'s Mot., ECF No. 23 at Pg. ID 80–82; Def.'s Resp. Br., ECF No. 29 at Pg. ID139–40.) Defendant's assertion is without merit. With respect to revealing the identity of the confidential informant, the Sixth Circuit – and numerous courts in this district – have held the following:

> "When the evidence suggests that it is reasonably probable that the informer can give relevant testimony' at trial, an *in camera* hearing may be appropriate to determine the materiality of the informant's identity to the defense." *Id.* "But that rule does not apply 'where the informer merely furnished a tip which helped police officers obtain a warrant." *Id.; see also United States v. Jackson,* 990 F.2d 251, 255 (6th Cir.1993); *United States v. Sales,* 247 Fed.Appx. 730, 734 (6th Cir.2007) ( "We usually deny disclosure when the informer was not a participant, and instead 'was a mere tipster.' ")

3

*United States v. Reliford*, No. 11-20158, 2011 WL 2144216, at *4 (E.D. Mich. May 31, 2011).

The charges the government brings against Defendant are based upon evidence obtained during the search of the residence – not the sale of a controlled substance to the confidential informant. Moreover, the confidential informant was not present during the execution of the search warrant, and thus would not be able to contradict the testimony of the arresting officers who discovered the controlled substances and the firearm at the residence. Therefore, the identity of the informant is not relevant, and would not be beneficial or helpful to the defense. *See Wilbert,* 205 F.3d 1343 at *3. Therefore, Defendant "has not met his burden of showing how disclosure of the informant's identity would substantively assist his defense at trial." *See Reliford*, No. 11-20158, 2011 WL 2144216, at *4.

Accordingly, for the foregoing reasons, Defendant's motion to reveal the identity of the confidential informant (ECF No. 23) is **DENIED**.

**SO ORDERED**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: June 17, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 17, 2016, by electronic and/or U.S. First Class mail.

                                              s/ Shawna Burns on behalf of Richard Loury
                                              Case Manager