UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                   Criminal Case No. 16-20014
v.                                  Honorable Linda V. Parker

TAQUANE M. JONES,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET
ASIDE DEFENDANT'S VERDICT AND ENTER AN ORDER OF
ACQUITTAL OR ORDER A NEW TRIAL [ECF NO. 52]**

       This matter comes before the Court on Defendant Taquane M. Jones's

("Defendant" or "Jones") motion to set aside Defendant's verdict and enter an

order of acquittal or order a new trial. Defendant argues that there was insufficient

evidence to establish possession of the gun and/or drugs beyond a reasonable

doubt. Specifically, Defendant contends that the evidence presented at trial failed

to show a link between Defendant and the home where the gun and drugs were

found, other than Defendant's presence at the moment the search warrant was

executed. (ECF No. 52 at Pg ID 262.) For the reasons that follow, this Court

denies Defendant's motion.

## I.     Motion for Judgment of Acquittal

Defendant first seeks a judgment of acquittal pursuant to Federal Rule of

Criminal Procedure 29, arguing that there was insufficient evidence to establish

possession of the gun and/or drugs beyond a reasonable doubt.  Specifically,

Defendant contends that the evidence presented at trial failed to show a link

between Defendant and the home where the gun and drugs were found, other than

Defendant's presence at the moment the search warrant was executed.  (ECF No.

52 at Pg ID 262.)

Rule 29 provides that a court may enter a judgment of acquittal of any

offense for which the evidence presented at trial was insufficient to sustain a

conviction.  Fed. R. Crim. P. 29(a).  The court applies the following standard when

evaluating a Rule 29 motion: " '[W]hether, after viewing the evidence in the light

most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.' " *United States v.*

*Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002) (quoting *Jackson v. Virginia*, 443

U.S. 307, 319 (1979)) (emphasis in original).  The courts must "view both

circumstantial and direct evidence in a light most favorable to the prosecution." *Id.*

(citation omitted).  " 'Circumstantial evidence alone, if substantial and competent,

may support a verdict and need not remove every reasonable hypothesis except

that of guilt.' " *Id.* (quoting *United States v. Talley*, 194 F.3d 758, 765 (6th Cir.

1999), cert. denied 528 U.S. 1180 (2000)) (additional citation omitted). The court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Selgado*, 250 F.3d 438, 446 (6th Cir. 2001).

As this Court instructed the jury, in order to convict Defendant of possession of a firearm by a felon, it had to find beyond a reasonable doubt that: (1) he has been convicted of a crime punishable by imprisonment for more than a year; (2) he knowingly possessed the firearm; and (3) that the firearm crossed a state line prior to the alleged possession. (ECF No. 48 at Pg ID 228.) The jury instruction stated that possession can be actual or constructive. (*Id.* at Pg ID 229.) "To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons." *Id.* This Court provided the requirements necessary to establish actual or constructive possession for the remaining counts. (*See id.* at Pg ID 232-33.)

In his pending motion, Defendant argues that the government failed to offer sufficient evidence to prove that the Defendant was guilty beyond a reasonable doubt and requests that this Court set aside the guilty verdict pursuant to Federal Rule of Criminal Procedure 29(c). [However, there was sufficient evidence from which the jury could find that Defendant had constructive possession.

The jury convicted Defendant based on the results of a search that occurred at 606 Green Street in Flint, Michigan on November 19, 2015. (ECF No. 58 at Pg ID 529.) Law enforcement officers found "over 50 grams of heroin, approximately 15 grams of cocaine base, and a loaded firearm" at 606 Green Street. (*Id.* at Pg ID 530.) These items were not in plain view when found. (ECF No. 52 at Pg ID 264.) During the course of the search, the officers found "a) a bridge card containing Defendant's name; b) two prescription bottles containing Defendant's name and a different residence address; and c) an unframed photograph of Defendant standing with an unidentified girl." (*Id.*) The firearm and bag of heroin were found in the same bedroom as the two pill bottles. (ECF No. 58 at Pg ID 530.) One of the prescription bottles had been filled out four days prior to the search. (*Id.*)

Defendant directs the Court to four cases where the Sixth Circuit found that the evidence was insufficient to prove constructive possession beyond reasonable doubt: *United States v. Peters*, 15 F.3d 540 (6th Cir. 1994); *United States v. White*, 932 F.2d 588 (6th Cir. 1991); *United States v. Bailey*, 553 F.3d 940 (6th Cir. 2009); and *United States v. Birmley*, 529 F.2d 103 (6th Cir. 1976). The cases support the assertion that "[p]hysical proximity to drugs, or mere presence in an area where drugs are found, is not sufficient" to establish constructive possession. *White*, 932 F.2d at 589. All four cases, however, can be distinguished from the facts in this case.

In *Peters*, the defendant carried no contraband, made no statements, and took no suspect actions. *Peters*, 15 F.3d at 544. The Sixth Circuit stated that the defendant's mere presence on the bottom floor of the duplex, when the contraband had been found on the top floor, was insufficient to establish constructive possession. In contrast, the government in this case provided more evidence than Defendant's mere presence, including the bridge card, two prescription bottles, and photograph of Defendant. (ECF No. 58 at Pg ID 530.)

The Sixth Circuit in *White* similarly found that the government lacked sufficient evidence to demonstrate an intent to distribute or possession of marijuana. In *White*, the government argued that the defendant was maintaining marijuana in a patch three feet away from his home. *White*, 932 F.2d at 589. The defendant was wheelchair bound and a witness testified that the defendant rarely left the home alone because of back injuries. *Id.* at 590. In light of these facts, the Sixth Circuit reversed the district court and found that the government did not present evidence sufficient to establish intent. *Id.*

In *Bailey*, the defendant was convicted for constructive possession of a firearm because a loaded gun was found under the driver's seat of the stolen car he was driving. *Bailey*, 553 F.3d at 945. The government argued that constructive possession was established because defendant was driving the car when the gun was found. *Id.* at 946. However, the defendant testified at his trial that he was

5

unaware of the gun in the car. *Id.* The Sixth Circuit found that the government had failed to establish that defendant possessed the specific intent to "exercise dominion and control" over the gun. *Id.* (internal citation omitted). In *Birmley*, the defendant was convicted of possession of unregistered firearms because he was the rear passenger in a car where the other occupants were found to have been involved in the sale of firearms. *Birmley*, 529 F.2d at 107. The Sixth Circuit found that "[m]ere presence on the scene plus association with illegal possessors is not enough to support a conviction for illegal possession of an unregistered firearm." *Id.* at 107. The Court finds there is a distinction between establishing constructive possession where a person is in a car as compared to a home.

Viewed in a light most favorable to the government, these facts support the jury's finding that Defendant had constructive possession over the heroin, cocaine, and firearm. The Court therefore is denying Defendant's motion for judgment of acquittal.

## II. Motion for New Trial

Defendant alternatively asks the Court to vacate the judgment and grant him a new trial pursuant to Federal Rule of Criminal Procedure 33. Rule 33 grants a trial court with the discretion to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The rule does not define interest of justice and the courts have had little success in trying to generalize its

meaning." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). However, it is "widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *Id.* It is the defendant's burden to prove the need for a new trial and the Sixth Circuit has indicated that such motions "should be granted sparingly and with caution." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993).

Defendant contends that the Court should grant him a new trial because the jury's verdict was against the great weight of the evidence, specifically with regard to the jury's finding that he knowingly and intentionally possessed the fire arm, cocaine base or heroin discovered at 606 Green Street. (ECF No. 52 at Pg ID 266.) For the reasons set forth above, the Court does not find that the interests of justice warrant granting Defendant Rule 33 relief based on his sufficiency of the evidence argument. For these reasons, the Court is denying Defendant's motion for a new trial pursuant to Rule 33.

Accordingly,

**IT IS ORDERED** that Defendant's motion for judgment of acquittal or, in the alternative, for new trial or re-sentencing is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 3, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 3, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
