UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                   Plaintiff,                     Criminal Case No. 16-20014
                                                  Honorable Linda V. Parker

v.

TAQUANE M. JONES,

                   Defendant.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, CORRECT, OR SET ASIDE AN ILLEGAL SENTENCE [ECF NO. 67]

This matter comes before the Court on Defendant Taquane M. Jones' ("Defendant") motion pursuant to 28 U.S.C. § 2255. (ECF No. 67.) For the reasons set forth below, the Court denies Defendant's motion.

## I.      Background

On November 19, 2015, the police conducted a search of a residence located at 606 Green Street, Flint, Michigan. Defendant was the only individual present at the residence during the execution of the search warrant. (ECF No. 1 at Pg ID 2.) While searching the residence, officers discovered – among other items – the following: (1) a firearm; (2) quantities of controlled substances, consistent with distribution – including heroin and cocaine base; and (3) an EBT card belonging to

Defendant. (*Id.* at Pg ID 2-3.) Consequently, Defendant was arrested and charged with: (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and (3) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a). (ECF No. 9 at Pg ID 18-19.)

On November 20, 2015, Defendant was appointed a federal defender, and on November 24, 2015, Bryan J. Sherer entered his appearance. (ECF Nos. 3 & 5.) On January 7, 2016, Defendant indicated at what was intended to be an arraignment that he wanted new counsel, and Magistrate Judge Stephanie Dawkins Davis ordered Mr. Sherer to file a motion to withdraw. After a hearing on the motion to withdraw, on January 18, 2016, Jerome Sabbota began representing Defendant. (ECF No. 16.)

At the Plea Hearing scheduled for July 20, 2016, Defendant made an oral motion for withdrawal of attorney which this Court granted in a written order. (ECF No. 38.) On July 21, 2016, Barry A. Wolf entered an appearance on behalf of Defendant and continued to represent Defendant through the conclusion of trial. (ECF No. 39.) On November 2, 2016, the jury returned a verdict of guilty on all three counts. (ECF No. 46.) In response, on November 15, 2016, Defendant filed a Motion for Judgment of Acquittal or in the Alternative Order for a New Trial. (ECF No. 52.) On May 3, 2017, this Court held a motion hearing and denied the

motion in a written order.  (ECF No. 63.)  Defendant's sentencing hearing was also

scheduled on May 3, 2017.  The Court imposed a sentence of 110 months for each

count, to be served concurrently.  (ECF No. 64.)

On August 21, 2017, Defendant filed a motion pursuant to 28 U.S.C. § 2255,

alleging ineffective assistance of counsel for (1) failure to file a notice of appeal,

(2) failure to object to the underrepresentation of African Americans on the jury

pool, and (3) "sundry instances of ineffectiveness."  (ECF No. 67.)  The

Government filed a response on September 22, 2017.  (ECF No. 71.)  On April 18,

2018, Defendant filed a motion to amend his petition and extend time to file a

reply.  (ECF Nos. 72 & 73.)  On April 20, 2018, this Court granted Defendant's

request for an extension of time and allowed Defendant until May 21, 2018 to file

a reply.  Defendant filed a reply brief on May 29, 2018.  (ECF No. 75.)

## II.     Relevant Case Law

"[I]n order to obtain relief under § 2255 on the basis of a constitutional error,

the record must reflect an error of constitutional magnitude that had a substantial

and injurious effect or influence on the proceedings."  *United States v. Boyd*, 259

F. Supp. 2d 699, 708 (6th Cir. 2003).  One often cited basis for § 2255 relief is the

violation of the Sixth Amendment right to counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court

developed a two-prong test that a petitioner must satisfy to prevail on a claim for

ineffective assistance of counsel. An ineffective assistance of counsel claim has two components. First, a petitioner must show that counsel's performance was deficient and the deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish deficient representation, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id*. at 688. Second, the movant must show that the deficiency caused prejudice to such an extent that but for the constitutionally deficient representation, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Id.* at 694. It is insufficient to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court stated, "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated." *Lockhart*, 506 U.S. at 368; *see also Spearman v. United States*, 43 F. App'x 906, 908 (6th Cir. Aug. 8, 2002) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the

trial was rendered unfair and the verdict rendered suspect."). "The reviewing court's scrutiny of counsel's performance is highly deferential, *Strickland*, 466 U.S. at 689; indeed, 'the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996).

Finally, if the Court determines that "the motion, together with the files and record in this case 'conclusively show that the prisoner is entitled to no relief,' the motion may be resolved without an evidentiary hearing." *Boyd*, 259 F. Supp. 2d at 709; *see also* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts.

## III.   Analysis

According to Defendant, he informed Mr. Wolf of his desire to appeal his sentence and conviction, but Mr. Wolf advised him that if he appealed, he risked being resentenced as an Armed Career Criminal, which would impose a higher sentence. (ECF No. 67 at Pg ID 599-600.) Next, Defendant argues that Mr. Wolf was ineffective because he failed to argue that the lack of adequate representation of African Americans in the jury pool was the result of systematic exclusion. (*Id.* at Pg ID 601.) Finally, Defendant argues that Mr. Wolf rendered ineffective assistance of counsel by: (1) failing to object to improper prosecutorial comments

in opening and closing arguments; (2) failing to demand video and audio discovery; (3) failing to object to hearsay and other unlawfully obtained evidence; and (4) failing to properly prepare for trial and sentencing. (*Id.* at Pg ID 602.)

Contrarily, the Government argues that the Court should deny Defendant's motion for three reasons. First, Wolf's affidavit and contemporaneous memoranda establishes that Mr. Wolf consulted with Defendant, and Defendant did not want to file an appeal. Next, Defendant cannot show prejudice in Mr. Wolf failing to object to the lack of African American jurors. Finally, Defendant's "sundry" claims of ineffective assistance of counsel fail because the claims lack any support in law or fact.

### A. Failure to File Notice of Appeal Claim

The United States Supreme Court held in *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) that *Strickland* applies to claims for failing to file a notice of appeal. According to Mr. Wolf, prior to sentencing, he and Defendant discussed Defendant's right to appeal, and Defendant advised Mr. Wolf that he would not seek an appeal if he was sentenced on the low end of the non-career offender guideline. (ECF No. 71-1 at Pg ID 629.) Mr. Wolf stated that he spoke with Defendant over the phone the day after sentencing, and Defendant, again, advised that he did not wish to appeal and authorized Mr. Wolf to discuss a mutual waiver of appeal with the Government. (*Id.*)

On May 5, 2017, Mr. Wolf spoke to AUSA Christopher W. Rawthorne, and the parties agreed on a mutual waiver, which AUSA Rawthorne memorialized in an email. (*Id*. at Pg ID 634) Finally, Mr. Wolf indicated that on May 8, 2017, Defendant's mother contacted Mr. Wolf to inquire as to whether Defendant needed to sign anything to waive his appeal, in which Mr. Wolf contends that he informed Defendant's mother that Defendant did not. Mr. Wolf drafted contemporaneous memoranda each time he spoke with Defendant and Defendant's mother. (ECF No. 71-1 at Pg ID 632, 636.)

In *Flores-Ortega*, the Supreme Court rejected a bright-line rule that counsel must always consult with a defendant regarding an appeal. *See Flores-Ortega*, 528 U.S. at 480. Rather, the Supreme Court held that:

> Counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* The court must consider what counsel knew or should have known, focusing on the totality of the circumstances. *Id.* Additionally, highly relevant to this inquiry is whether defendant took a guilty plea or went to trial—a guilty plea limits the appealable issues. *Id.* Nevertheless, defendant must show that "but for counsel's deficient performance to consult with him, he would have appealed." *Id.*

at 484. "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." *Id.* at 486. Although Defendant claims he did not appeal because of allegedly bad advice, he admits Mr. Wolf consulted with him regarding his right to appeal. (ECF No. 67 at 599-600.)

The Government argues that if(?)Mr. Wolf did advise Defendant that he could get a higher sentence if he appealed, it was appropriate. The Government argues that Defendant risked the possibility of a higher sentence because it had the right to cross-appeal Defendant's sentence but declined to do so when it entered into the mutual waiver. (ECF No. 71 at Pg ID 621.) Moreover, the Government correctly argues that because Mr. Wolf followed Defendant's advice, Defendant would have to show prejudice and he has failed to make such a showing, as well as how his appeal would have been successful.

The Court notes, however, that Defendant gives much attention to Mr. Wolf's affidavit and the Government's position on the mutual waiver. In his reply, Defendant argues that Mr. Wolf's affidavit is false and deceitful. Even if the Court declined to give credibility to Mr. Wolf's affidavit, Defendant admitted that Mr. Wolf discussed an appeal with him. Moreover, the Government argues that it had

a right to cross-appeal and seek a higher sentence. *See United States v. Nation*, 352 F.3d 1075, 1077 (6th Cir. 2003) ("[A] defendant's right to appeal a sentence is essentially the mirror image of the government's right to appeal a sentence. . . . [T]he government may appeal a sentence only when it is 'less than' the guideline range . . . ."). The Government's position is correct. The Government requested Defendant to be sentenced as a career offender with a guideline range of 210-252 months. (ECF No. 61.) However, the Court sentenced Defendant as a non-career offender with a sentencing guideline range of 110-137 months, as requested by Defendant. (ECF Nos. 62 & 64.) Because in the Government's view, Defendant was sentenced below the appropriate guideline range, the Government had a right to appeal Defendant's sentence and seek resentencing as a career offender. Therefore, assuming Mr. Wolf informed Defendant of this fact, Mr. Wolf did not give Defendant "bad advice." As such, Defendant has failed to show Mr. Wolf had deficient performance. Accordingly, Defendant's ineffective assistance of counsel claim for failing to file a notice of appeal does not satisfy the *Strickland* standard.

## B. Failure to Object to the Jury Pool

Defendant contends that Mr. Wolf was ineffective for failing to object to the jury pool, which only included three African Americans, and they were too far down the list for selection. Defendant maintains that counsel should have argued that the "underrepresentation was the result of systematic exclusion of African

Americans from the jury selection process." (ECF No. 67 at Pg ID 601.) Yet, Defendant has offered no support for this position. The Government argues that this argument has been consistently argued and rejected. (ECF No. 71 at Pg ID 623.) Furthermore, the Government refers the Court to *United States v. Bates*, which did an extensive review of the jury selection process for the Eastern District of Michigan and determined that it passes constitutional muster. *United States v. Bates*, No. 05-81027, 2009 U.S. Dist. LEXIS 117073 (E.D. Mich. Dec. 15, 2009), *aff'd*, 473 F. App'x 446, 450 (6th Cir. Apr. 2, 2012) ("As his primary argument before this court, Bates asserts that the disparity between the number of African-Americans in the community and the number of African-Americans on the Qualified Wheel is so large and continuous as to demonstrate a systematic exclusion, despite the fact that such disparity cannot be explained. . . . Generally speaking, a long-standing statistical disparity is not enough to establish systematic exclusion."). Moreover, the jury convicted Defendant based on evidence presented at trial that he was in constructive possession of a firearm and drugs found in the home during the execution of a search warrant. Accordingly, Defendant fails to make a showing that if more African Americans were on the jury pool, he would not have been convicted.

## C. Other Claims of Ineffective Assistance of Counsel

As to Defendant's "sundry" claims of ineffective assistance of counsel, the Court denies Defendant relief.  Defendant claims Mr. Wolf rendered ineffective assistance of counsel by: (1) failing to object to improper prosecutorial comments in opening and closing arguments; (2) failing to demand video and audio discovery; (3) failing to object to hearsay and other unlawfully obtained evidence; and (4) failing to properly prepare for trial and sentencing.  Each claim is conclusory and fails to articulate any factual detail that would aid the Court in determining if Defendant is entitled to relief.  A motion pursuant to 28 U.S.C. § 2255 "must consist of something more than legal conclusions unsupported by factual allegations."  *Boyd*, 259 F. Supp. 2d at 708.  Finally, Defendant raises new claims in his reply that the Court will not consider because a reply brief is limited to responding to what was raised in the opposition brief—it is not an opportunity for new arguments.  *See Sims v. Piper*, No. 07-cv-14380, 2008 U.S. Dist. LEXIS 123689, at *5 (E.D. Mich. Aug. 8, 2008) (citing *United States v. Lopez-Medina*, 461 F.3d 724, 743 (6th Cir.2006) ("[T]he Sixth Circuit repeatedly has recognized that arguments raised for the first time in a party's reply brief are waived.")).

## D.  Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding

under section 2255." 28 U.S.C. § 2253(c)(1)(B).  Defendant must make "a substantial showing of the denial of a constitutional right" in order for a certificate of appealability to issue.  28 U.S.C. § 2253(c)(2).  Accordingly, Defendant has failed to make a substantial showing of the denial of a constitutional right, and, therefore, the Court declines to issue a certificate of appealability on any of his claims.

## IV.    Conclusion

Accordingly, for the foregoing reasons, Defendant's motion (ECF No. 67) is **DENIED**.

**IT IS ORDERED** that Defendant's Motion to Vacate, Correct, or Set Aside an Illegal Sentence (ECF No. 67) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request to amend his petition (ECF Nos. 72 & 73) is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 23, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 23, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
