UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                   Criminal Case No. 16-20014
                                         Honorable Linda V. Parker

v.

TAQUANE M. JONES,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE (ECF NO. 82)

Defendant Taquane M. Jones was found guilty of possession with the intent to distribute cocaine, possession with the intent to distribute heroin, and being a felon in possession of a firearm. (ECF No. 46.) He was sentenced by this Court in May 2017. In August 2017, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 67.) This Court denied the motion and declined to issue a certificate of appealability. (ECF No. 77.) The Sixth Circuit subsequently denied Defendant's application for a certificate of appealability, finding reasonable jurists would not debate the Court's decision. (ECF No. 81.)

On March 20, 2020, Defendant filed a Motion for Disclosure, requesting that the Court furnish him with the Complaint, Indictment, Docket Sheet, Plea Agreement and Sentencing Transcripts associated with this case. (ECF No. 82.) Defendant seeks

1

these documents in order to "proceed on appeal and draft intelligent briefs therein." (*Id.* at Pg. ID 730.)

The Court assumes that Defendant is requesting that the Court provide these documents, including the transcripts, at no cost. Defendant cites no authority in his motion for these documents and it is unclear under what authority he believes he is entitled to them free of charge.

An indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. *See* 28 U.S.C. § 753(f); *see also* 28 U.S.C. § 2250. Pursuant to 28 U.S.C. § 753(f),

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal *in forma pauperis*, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Similarly, 28 U.S.C. § 2250 provides as follows:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Here, Defendant has not shown that he satisfies the requirements set out in §§ 753(f) and 2250. As an initial matter, Defendant is not entitled to the relief requested because there is no petition pending before this Court and the Court is not required to provide Defendant with transcripts so that he might search for new post-conviction claims. *See United States v. Wilson*, 49 F. App'x 612, 613 (6th Cir. 2002); *Corrigan v. Thoms*, 55 F. App'x 754, 756 (6th Cir. 2003) (citing *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963) (per curiam)) ("[F]ederal prisoners are not entitled to obtain a transcript of testimony . . . at government expense under 28 U.S.C. § 753(f) for the purpose of preparing a motion to vacate where there [is] no motion to vacate sentence pending."); *U.S. v. Alcorn*, 10 Fed. Appx. 248, 248-49 (6th Cir. 2001) (affirming denial of petitioner's motion for transcripts because a petitioner "simply does not have a right to a transcript at government expense under 28 U.S.C. § 753(f) in order to search the transcript for yet unasserted grounds in a [§ 2255] motion to vacate").

Moreover, Defendant has failed to demonstrate that the claims in any such petition would not be frivolous and that the sentencing transcripts would be needed to decide the issues presented in the petition. *See Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) ("Conclusory allegations in support of a request for free transcripts [under § 753] do not satisfy these requirements[—i.e., "non-frivolous" and "necessary"].").

3

Accordingly, Defendant's motion is denied to the extent he seeks free copies of the requested documents.

**IT IS SO ORDERED**.

                                           LINDA V. PARKER
                                           U.S. DISTRICT JUDGE

Dated: October 29, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 29, 2020, by electronic and/or U.S. First Class mail.

                                           s/ R. Loury
                                           Case Manager